[Civ. No. 18677.   Second Dist., Div. Two.   Mar. 5, 1952.]

THELMA M. FILIAN et al., Respondents, v. CITY OF LONG BEACH et al., Appellants.

Irving M. Smith, City Attorney, and Clifford E. Hayes, Deputy City Attorney, for Appellants.

Kenneth Sperry for Respondents.

FOX, J.—Defendants are appealing from that portion of the judgment directing that a peremptory writ of mandate issue commanding them to make and enter an order granting to petitioners Diane M. Filian and Ronald K. Filian the dependent's pension provided by section 187, subdivision (4) of the Long Beach city charter.

The only question raised by the appeal is the interpretation to be given said charter provision, the pertinent parts of which read as follows: "(4) Whenever any member of the . . . Fire Department shall die as a result of an injury received during the performance of his duty, . . . then an annual pension shall be paid in equal monthly installments to his widow, or child or children, or dependent parent or

parents, in an amount equal to one-half (½) of the salary attached to the rank or position which such deceased person held in such department at the time of his death. . . . Said pension shall be paid to the widow during her lifetime, and thereafter to any child or children surviving her, or to his child or children should there be no widow, until such child or children shall have attained the age of eighteen years, or to his dependent parent or parents during their lifetime or during such dependency, should there be no widow or child. Provided, however, that no widow of a pensioner shall be entitled to a pension unless she shall have been married to such deceased pensioner at least one year prior to the date of his death; and provided further, that if such widow, child or children, shall marry, then the pension paid to the person so marrying shall cease; and provided further, that should the dependency of such parent or parents terminate, then the pension paid to such dependent parent or parents shall cease.''

Elmer J. Filian, a member of the fire department of the city of Long Beach, while performing his duties as a fireman received injuries which caused his death on October 9, 1946. Respondent Thelma M. Filian is his widow and respondents Ronald K. Filian and Diane M. Filian are their minor children. Thelma remarried on December 9, 1948.

Appellants are not disputing the right of the former Mrs. Filian to a pension as the widow of Elmer J. Filian from October 9, 1946, to the date of her remarriage on December 9, 1948. They point out, however, that the said charter provision contains no express authority for the payment of a pension to the minor children upon the remarriage of the widow. Appellants concede the general rule to be that all pension laws shall be liberally construed to carry out their beneficent purposes. However, they assert that even the rule of liberal construction does not permit an interpretation of said charter which would give these minor children pension benefits; that such an interpretation would in effect rewrite the provision and confer benefits not contemplated by the charter framers.

These contentions are not well founded. It is obvious that the purpose of the section is to make provision for the support of the dependents of deceased firemen who come within its terms. The first sentence fixes the amount of the pension, names the relationships that are entitled to benefits, and fixes the order of their participation therein. Contingencies and limitations are then provided. First, the pension is to be paid to the widow during her lifetime and thereafter to

any child or children surviving her until they have reached 18 years of age. But in the event there is no widow or child the pension shall be paid to his dependent parent or parents. If, however, the widow remarries she is no longer entitled to the pension for she is no longer a dependent. If a child marries before reaching 18 he is no longer eligible for benefits since presumably there is no longer dependency. If the dependency of a parent terminates he then ceases to receive benefits. This pattern demonstrates that relationship and dependency are the basic factors in determining who is entitled to pension benefits. ▮ When the widow of a deceased fireman remarries she acquires the right to support from her new husband and hence loses any claim for further pension benefits. But the fireman's children are not so fortunate for their stepfather is under no legal obligation to provide for them. (Civ. Code, § 209; *Ex parte Carpenter*, 21 Cal.App.2d 658 [70 P.2d 227].) They are still the dependent children of the deceased fireman and entitled to the same pension benefits they would have received if their mother had died. Thus to construe the section gives it a practical and reasonable operation in line with its obvious purpose.

It is further to be noted that if the widow or a child marries "then the pension paid to the person so marrying shall cease." ▮ If there are two minor children receiving benefits (the widow having passed on) and one of these children marries at 17 she loses any right to further pension payments but that part of the pension is not wiped out. The benefits are simply paid to the other minor child. So, upon the widow's remarriage the pension previously paid to her "shall cease." But the pension is not necessarily ended. Only payments "to the person so marrying shall cease." If there are others who come within the designated relationship and meet the other specifications, such as unmarried children under 18, they should have the pension benefits just as the remaining minor children would if one of their number married under age. This gives a uniform and harmonious interpretation to the provision that upon the marriage of the widow or a minor child "the pension paid to the person so marrying shall cease," and it enables any eligible children to be treated the same upon the happening of either event.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.